IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VALENCIA, | No. 2:13-cv-2068-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| RON BARNS, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.   Plaintiff initiated this action with a motion for temporary restraining order and preliminary injunction.  The court denied the motion without prejudice, providing plaintiff with an opportunity to file a proper complaint and resolve his fee status.  Plaintiff filed an application to proceed in forma pauperis, which was granted.  He has also filed his complaint (Doc. 12), and a new motion for temporary restraining order (Doc. 15), both of which are currently pending before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

1

§ 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Here, plaintiff names two defendants to this action, Ron Barns and F. Foulk, both identified as Warden of High Desert State Prison.  Plaintiff alleges that while he was housed at Corcoran State Prison, he was asked to accept a cellmate, which he did.  However, after his cellmate moved in, plaintiff was witness to several incidents of misconduct by his cellmate and his cellmate's friends, including inmates Banda, Gonzales, and Ruiz.  Following threats he received from these inmates, he requested to be rehoused and that the individuals threatening him be placed on his enemy list.  He was informed at his classification committee hearing that the inmates he identified had been placed in to his file as to keep separate.  Thereafter, plaintiff was transferred to High Desert State Prison (HDSP).

Shortly after his transfer to HDSP, plaintiff saw one of these inmates, Gonzales, who was now also being housed at HDSP.  Inmate Gonzales again threatened plaintiff, and plaintiff requested protective custody and to be housed at a facility without a documented enemy.

His request for protective custody was denied. He requested on interview to identify inmate Gonzales as a documented enemy, and notified correctional officer Fannion that his documented enemy was assigned to the same housing unit as plaintiff. He then submitted an emergency grievance, requesting housing without a documented enemy. Plaintiff was placed in protective custody until an investigation could be completed.

During the investigation, correctional counselor II, R. Williams informed plaintiff that inmate Gonzales was not listed in his file as a documented enemy, but a different inmate Gonzales, with a different first name and CDC number was listed. Similarly, plaintiff was informed that another inmate he identified as a documented enemy, Ruiz, was also not listed but an inmate Reyes was. Plaintiff was further informed that the enemy chrono Sgt. Bueno authored at Corcoran stated that plaintiff had requested inmates Banda, Reyes, Arenas, and Gonzales documented as enemies. Plaintiff alleges these are the incorrect inmates. However, he states "The HDSP denied plaintiffs requested relief to have inmates Gonzales and Ruiz . . . added to plaintiffs enemy list." (Compl., Doc. 12, at 14). Plaintiff then appeared before an ICC, and was informed that the investigation was complete, and there are no inmates at HDSP that pose a safety concern to plaintiff.

Based on the above factual allegations, plaintiff claims violation of his Eighth Amendment rights, based on his need to be reasonably protected from the threat of violence by other prisoners. He alleges that based on the actions "of defendant(s) conduct in failing to perform an adequate investigation . . . plaintiff is facing the real threat of physical harm and has suffered, and continues to suffer emotional distress." (Compl., Doc. 12 at 16-17).

## II. DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of

dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:  (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

Here, plaintiff may have a claim for violation of his Eighth Amendment rights. However, he fails to identify proper defendants who are liable for this possible violation.  To

state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The only two named defendants are the wardens Barns and Foulk. However, plaintiff fails to allege any actual connection between the acts alleged and these two individuals. Plaintiff only discusses three individuals involved in any action in the complaint. Sgt. Bueno authored the enemy chrono from Corcoran; he informed c/o Fannion that he had a documented enemy at HDSP; and CCII Williams informed plaintiff as to the outcome of the investigation. Plaintiff does not allege any of these individuals were responsible for the decision to find no enemy threat and/or to deny his request for protective housing or transfer to a facility without documented enemies. Similarly, the only defendants identified, Barns and Foulk, are not alleged to have been part of the decision making committee, or otherwise involved in the investigation and/or decision regarding plaintiff's housing and enemy list.

As stated above, in order to state a claim, plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged constitutional violations. Thus, plaintiff must identify the individual defendants who were responsible for the alleged violations, and must set forth which defendants participated and how. To the extent plaintiff named wardens Barns and Foulk on the basis that as warden they are responsible for the

actions of all prison employees, there is no such a basis for liability in a § 1983 action.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Therefore, plaintiff's complaint as presented to the court is insufficient as it fails to identify the individuals responsible for the alleged violations. The complaint will be dismissed, but plaintiff will have an opportunity to file an amended complaint.

### III. TEMPORARY RESTRAINING ORDER

As to plaintiff's request for a temporary restraining order, he is requesting a court order requiring that he be placed in protective custody. Apparently, plaintiff was temporarily

housed in protective custody, but once the investigation was completed, he was released therefrom.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

First, as there is no current defendant properly named in this case, plaintiff is essentially requesting injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The request must, therefore, be denied.

Second, one of the requirements listed above is a determination as to whether plaintiff is likely to succeed on the merits. In plaintiff's complaint as well as his motion for a temporary restraining order, he makes it clear that his inmate grievance has not been fully exhausted. Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

while the lawsuit is pending. A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The inmate must submit their appeal on the proper form, and is required to identify the staff member(s) involved as well as describing their involvement in the issue. See Cal. Code Regs. tit. 15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id.

Here, plaintiff filed this action prior to the exhaustion of his administrative remedies. He specifically states that he is still waiting for a decision from the third level of appeal. While the defendant will ultimately have the burden of proof to show that plaintiff failed to exhaust his administrative remedies, it appears from plaintiff's acknowledgment that he failed to exhaust prior to bringing this action. See Albino v. Baca, 697 F.3d 1023 (9th Cir. 2012). Therefore, the likelihood is that this case will be dismissed for failure to exhaust. Thus, plaintiff has not shown a likelihood of success on the merits, and no temporary restraining order is warranted.

**IV.  CONCLUSION**

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order; and

3. Plaintiff's motion for temporary restraining order (Doc. 15) is denied.

DATED: January 28, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE